```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF GEORGIA
                        AUGUSTA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-077-3 |
| | * | |
| JEROME FLOURNOY | * | |

**O R D E R**

Defendant Jerome Flournoy has filed a "Motion for Compassionate Release" pursuant to 18 U.S.C. § 3582(c)(1)(A). Flournoy also requests the appointment of counsel. The Government opposes the motion. Upon due consideration, the Court denies Flournoy's request for relief.

As an initial matter, Flournoy asks the Court to compel the Bureau of Prisons ("BOP") to designate the remainder of his sentence to be served in home confinement. However, the United States District Court does not have authority to order home confinement. Designation of an inmate's place of confinement is within the absolute discretion of the BOP. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or

program." (cited sources omitted).) Accordingly, the Court cannot grant this aspect of requested relief.

On the other hand, the compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: **"As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

2

Flournoy's motion for compassionate release implicates only the "medical condition" category. To qualify, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory," U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Here, Flournoy contends that his diagnosis as HIV positive puts him at a heightened risk for adverse effects should he contract COVID-19.

The Court has considered Flournoy's claim in light of the Centers for Disease Control and Prevention's ("CDC") list of significant risk factors. An immunocompromised state from HIV is a risk factor listed by the CDC as a condition that **"might be** at an increased risk" for severe illness for those who contract COVID-19. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on October 28, 2020). The Court is unwilling to conclude that a condition that "might" put a defendant at an increased risk qualifies his circumstances as extraordinary and compelling enough to warrant early release. Particularly here, where Flournoy's medical records indicate that he is asymptomatic and has never had

3

an HIV-related illness. (See generally Gov't Resp. in Opp'n, Doc. 542, Ex. A.) Apart from the HIV positive diagnosis, Flournoy is otherwise in good health. Flournoy bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). He has not done so. His concern about the pandemic as it relates to his medical condition is at this point too speculative to qualify as extraordinary and compelling.

Even if a defendant demonstrates extraordinary and compelling reasons for compassionate release, the Court must still consider the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). These considerations do not support early release. Flournoy's offense and criminal history are significant. Additionally, Flournoy still has four and a half years left on his sentence of 130 months, which was the result of a downward departure from the guidelines. Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Upon the foregoing, Defendant Jerome Flournoy's motion for compassionate release (doc. 540) is **DENIED**. His motion to appoint

4

counsel (doc. 541) is **DENIED AS MOOT**.[1]  Further, having read and considered the character letters submitted on his behalf, Flournoy's motion to attach addendum (doc. 545) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] A defendant is not entitled to the appointment of counsel for § 3582 proceedings. See United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009). Moreover, the Court is convinced that Flournoy's motion is properly denied such that the interests of justice do not require the appointment of counsel.

5